UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

| | |
|---|---|
| MICHAEL TRAHAN,<br><br>           Plaintiff,<br><br> -against-<br><br>CITY OF NEW YORK, DANIEL SPIES, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>           Defendants. | **AMENDED COMPLAINT**<br><br>24 CV 8833 (NRM)(MMH)<br><br>Jury Trial Demanded |

---------------------------------------------------------------------------------X

Plaintiff MICHAEL TRAHAN, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

**Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff MICHAEL TRAHAN is a forty-seven-year-old resident of the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants DANIEL SPIES, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

12. On September 11, 2022, plaintiff was in New York County Criminal Court related to an ongoing criminal matter, in conjunction with which, plaintiff was mandated to reside in a residential drug treatment program.

13. While present in the New York County Criminal Court, NYPD officers present at the court arrested plaintiff.

14. Plaintiff was then handcuffed and held at the courthouse for approximately three to four hours before NYPD officers drove him in police custody to the NYPD 114th Police Precinct.

15. Once at the precinct, defendant DANIEL SPIES, a detective, questioned plaintiff regarding a June 26, 2022 burglary at a storage facility.

16. In particular, the questioning regarded a burglary which was captured on surveillance video.

17. Upon questioning plaintiff in person, defendant SPIES should have immediately realized that plaintiff was not the individual in the video insofar as plaintiff is shorter and heavier than the individual in the video, further, unlike the individual in the video, plaintiff walks with a slight limp.

18. Further, plaintiff informed defendant SPIES that he resided at Samaritan Village in Bronx, New York, which is a court ordered residential treatment program, a fact which was supported by the circumstances of plaintiff's arrest inside the Queens County Criminal Court.

19. Plaintiff further informed defendant SPIES that he could not have been the person on the surveillance video because the burglary occurred on a Sunday, a day which plaintiff was not permitted to leave his facility, unless he was leaving for a program related purpose.

20. Plaintiff further explained that he was required to sign out and then back in each time he left the program and that if the defendant detective checked the sign out sheets, they would confirm plaintiff's whereabouts on that day.

21. Despite the fact that plaintiff's physique did not physically match the individual on the surveillance video and that plaintiff had provided defendant SPIES with readily verifiable exculpatory information regarding his whereabouts on the date of the burglary, which was also corroborated by information known to defendant SPIES that plaintiff had been arrested while appearing at a drug court proceeding, all of which rendered probable cause to arrest plaintiff lacking, defendant SPIES proceeded with plaintiff's arrest without taking any further steps to investigate the exculpatory information provided by plaintiff.

22. Defendant SPIES continued to imprison plaintiff until plaintiff was arraigned the next day in Queens County Criminal Court on baseless charges filed under docket number CR-022956-22QN; said charges having been filed based on the false allegations of the defendant officers.

23. Defendant SPIES initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff without probable cause.

24. In addition, defendant SPIES withheld known exculpatory evidence from the Queens County District Attorney's office, as a result of which the aforementioned legal proceeding was initiated and continued against plaintiff causing plaintiff to suffer a deprivation of his liberty and emotional distress.

25. As a result of the malicious prosecution initiated by defendant SPIES, plaintiff was remanded to Rikers Island until on or about December 1, 2022, on which date he was released to another residential program. Due to the charges, plaintiff had to re-start a program

4

that he had already successfully completed.

26. During the pendency of the prosecution, plaintiff's defense attorney obtained records from Samaritan Village which confirmed that plaintiff was a resident and that on the date of the burglary, and that on the date in question, he was in fact participating in a Samaritan Village softball game which he attended with his counselors, and consequently he could not have committed the burglary.

27. All charges levied against plaintiff were eventually dismissed and sealed on September 23, 2023.

28. Defendant SPIES, and JOHN and JANE DOE 1 through 10, either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

29. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of the NYPD of proceeding with baseless arrests despite known exculpatory information, and failing to adequately train NYPD detectives in how to properly investigate.

30. The aforesaid event is not an isolated incident.

31. Defendant CITY OF NEW YORK is aware from lawsuits, including for example, *Rhooms v. City of New York*, 11 CV 5910 (PKC) (RER) and *Silvestri v. City of New York, et al.*, 24 CV 5676 (NGG) (PK), notices of claims, complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers and detectives fail to investigate known exculpatory

alibi information, fail to turn over said information, and proceed with arrests despite possessing information that probable cause is lacking.

32. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

33. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

34. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiff MICHAEL TRAHAN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38. As a result of the foregoing, plaintiff MICHAEL TRAHAN sustained, *inter alia*, deprivation of his constitutional rights, deprivation of his liberty, and emotional distress.

### **Federal Claims**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendant SPIES arrested plaintiff MICHAEL TRAHAN without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

41. Defendant SPIES caused plaintiff MICHAEL TRAHAN to be falsely arrested and unlawfully imprisoned.

42. As a result of the foregoing, plaintiff MICHAEL TRAHAN is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### **AS AND FOR A SECOND CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendant SPIES initiated, commenced, and continued a malicious prosecution against plaintiff MICHAEL TRAHAN.

45. Defendant SPIES caused plaintiff MICHAEL TRAHAN to be prosecuted without any probable cause until the charges were dismissed on or about September 23, 2023.

46. As a result of the foregoing, plaintiff MICHAEL TRAHAN is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendant SPIES withheld known exculpatory evidence and initiated a prosecution against plaintiff MICHAEL TRAHAN.

49. As a result of defendant SPIES' failure to convey known exculpatory evidence to the Queens County District Attorney's Office plaintiff MICHAEL TRAHAN suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

50. As a result of the foregoing, plaintiff MICHAEL TRAHAN is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against John and Jane Doe defendants officers)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants had an affirmative duty to intervene on behalf of plaintiff MICHAEL TRAHAN, whose constitutional rights were being violated in their presence by other officers.

53. The defendants failed to intervene to prevent the unlawful conduct described

herein.

54. As a result of the foregoing, plaintiff MICHAEL TRAHAN was falsely arrested, he was denied his right to a fair trial, and maliciously prosecuted.

55. As a result of the foregoing, plaintiff MICHAEL TRAHAN is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983 against John and Jane Doe defendant officers)

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

58. As a result of the foregoing, plaintiff MICHAEL TRAHAN is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against defendant City of New York)

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

61. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, failing in their duty to investigate when known exculpatory information has triggered such a duty and as a result unlawfully arresting individuals, and then withholding evidence and otherwise engaging in falsification to justify said arrests, thereby depriving individuals of their right to a fair trial. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff MICHAEL TRAHAN'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff MICHAEL TRAHAN.

63. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MICHAEL TRAHAN as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MICHAEL TRAHAN as alleged herein.

65. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff MICHAEL TRAHAN was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

66. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MICHAEL TRAHAN'S constitutional rights.

67. All of the foregoing acts by defendants deprived plaintiff MICHAEL TRAHAN of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment;

    B. To be free from malicious prosecution;

    C. To receive a fair trial; and

    E. To be free from the failure to intervene.

68. As a result of the foregoing, plaintiff MICHAEL TRAHAN is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to, and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

71. The CITY OF NEW YORK has wholly neglected or refused to make an

adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

72. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

73. Plaintiff has complied with all conditions precedent to maintaining the instant action.

74. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York against all defendants)

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. The defendant officers initiated, commenced, and continued a malicious prosecution against plaintiff MICHAEL TRAHAN.

77. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

78. Defendants caused plaintiff MICHAEL TRAHAN to be prosecuted without probable cause until the charges were dismissed.

79. As a result of the foregoing, plaintiff MICHAEL TRAHAN is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
<u>(Negligent Screening, Hiring, and Retention under the laws of the State of New York against defendant City of New York)</u>

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and manufactured evidence against plaintiff MICHAEL TRAHAN.

82. Defendant CITY OF NEW YORK knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

83. As a result of the foregoing, plaintiff MICHAEL TRAHAN is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
<u>(Negligent Training and Supervision under the laws of the State of New York against defendant City of New York)</u>

84. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, maliciously issued criminal process to plaintiff, and who deprived plaintiff of his right to a fair trial.

86. As a result of the foregoing, plaintiff MICHAEL TRAHAN is entitled to

compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(N.Y.C. Administrative Code §§ 8-801 through 8-807 Against All Defendants)

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Plaintiff MICHAEL TRAHAN's rights to be free from false arrest, denial of right to fair trial, and malicious prosecution were violated by the conduct of the defendants which was in violation of New York City Administrative Code § 8-801 through 8-807.

89. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

90. Qualified immunity is no defense to this claim.

91. As a result of the foregoing, plaintiff MICHAEL TRAHAN is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff MICHAEL TRAHAN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

 (D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
   June 13, 2025

                BRETT H. KLEIN, ESQ., PLLC
                Attorneys for Plaintiff MICHAEL TRAHAN
                305 Broadway, Suite 700
                New York, New York 10007
                (212) 335-0132

            By: *Brett Klein*
                BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

MICHAEL TRAHAN,

                              Plaintiff,

          -against-

CITY OF NEW YORK, DANIEL SPIES, Individually,
and JOHN and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                              Defendants.

---------------------------------------------------------------------------------X

24 CV 8833
(NRM)(MMH)

**AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 700
New York, New York 10007
(212) 335-0132